**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CASE NO.: 1:25-CR-2 (LAG) |
| : | |
| DEVON MARQUELL RAMBO, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court are Defense Counsel Byron L. Conway, Jr. and Chauntilia K. Adaway's Motions to Withdraw as Counsel (Docs. 82, 83) and the Parties' Joint Motion to Hold in Abeyance Ruling on Defendant's Motion for Judgment of Acquittal (Joint Motion to Hold in Abeyance) (Doc. 84). For the reasons stated below, the Motions to Withdraw as Counsel (Docs. 82, 83) and the Parties' Joint Motion to Hold in Abeyance (Doc. 84) are **GRANTED**.

## **BACKGROUND**

On May 27, 2025 through May 28, 2025, Defendant Devon Marquell Rambo was tried and convicted of one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Docs. 77–78). At the close of the Government's case, Defendant moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. (Doc. 78 at 125:17–130:3). The Court denied it, finding that there was sufficient evidence for the jury to decide. (*Id.* at 129:4–6). On May 28, 2025, the jury found Defendant guilty of the sole count of possession of a firearm by a convicted felon. (*Id.* at 197:11–20). Defendant renewed his Rule 29 Motion, and the Court entered a briefing schedule on the renewed Motion. (Doc. 78 at 208:24–209:19). On June 13, 2025, Defendant filed a Motion for Judgment of Acquittal Notwithstanding the Verdict (Motion for Judgment of Acquittal). (Doc. 80). The Government responded on June 23, 2025. (Doc. 81). On July 1, 2025, the Government emailed Mr. Conway and "raised the issue of a

potential conflict of interest that would prevent the [Federal Defenders of the Middle District of Georgia, Inc.] from continuing to represent [Defendant] Rambo." (Doc. 84 at 2). On July 2, 2025, Mr. Conway and Ms. Adaway, Defendant Rambo's Counsel, filed separate Motions to Withdraw as Counsel. (Docs. 82, 83). On July 3, 2025, the Parties filed a Joint Motion to Hold in Abeyance Ruling on Defendant's Motion for Judgment of Acquittal. (Doc. 84).

## DISCUSSION

### I.   Motions to Withdraw as Counsel

Mr. Conway and Ms. Adaway move to withdraw from representing Defendant, citing a potential conflict of interest. (Docs. 82, 83). The Government provided excerpts of jail calls that Defendant allegedly made to his wife, during which Defendant allegedly "attempt[ed] to persuade [his wife] to provide untruthful statements about who the firearms at issue in the case belonged to." (Doc. 82 at 1; Doc. 83 at 1; *see* Doc. 84). The Government represents that the jail calls were received post-trial and informed Defense Counsel that the Government "would be seeking an obstruction of justice sentencing enhancement based on the disclosed jail calls." (Doc. 82 at 1; Doc. 83 at 1; *see* Doc. 84 at 2). Defense Counsel contends that Defendant may seek to call Defense Counsel "and/or other members of their defense team . . . to rebut the obstruction enhancement." (Doc. 82 at 1; Doc. 83 at 1). Defense Counsel argues that "even the mere possibility that [Defendant] may seek to advance the theory creates a conflict of interest." (Doc. 82 at 2; Doc. 83 at 2).

Under the Sixth Amendment and the Criminal Justice Act, an indigent defendant is entitled to be represented at every stage of the proceedings from the "initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c); *see United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (per curiam) ("[T]he Sixth Amendment provides the right [to appointed counsel] at 'critical stages of a criminal prosecution,' including during a first appeal." (quoting *United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009)). The Court "may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(c); *see Martel v. Clair*, 565 U.S. 648, 658 (2012). Substitution may be appropriate

if a "fundamental problem" in the attorney-client relationship exists, "such as a conflict of interest, a complete breakdown in communication[,] or an irreconcilable conflict" between counsel and the defendant. *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018) (quoting *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008) (en banc)).

Upon full review and consideration of the Motions to Withdraw and the record in this case, the Court finds that fundamental problems exist with Mr. Conway and Ms. Adaway's continued representation of Defendant and that substitution of counsel is in the interests of justice. See 18 U.S.C. § 3006A(c); *Joyner*, 899 F.3d at 1205. Accordingly, the Motions to Withdraw as Counsel (Docs. 82, 83) are **GRANTED**. The Magistrate Judge is **DIRECTED** to appoint substitute counsel to represent Defendant at his sentencing proceedings and direct appeal in accordance with the Criminal Justice Act.

**II.    Parties' Joint Motion to Hold in Abeyance**

In the Parties' Joint Motion, they request that the Court make a determination as to the nature and extent of any conflict between Defendant and the Federal Defenders of the Middle District of Georgia, Inc., as outlined in the Motions to Withdraw before ruling on the pending Motion for Judgment of Acquittal. (Doc. 84 at 2–3). The Parties further request that in the event the Court finds a conflict and Defendant is appointed new counsel, Defendant be allowed to "re-assess his position on the [Motion for Judgment of Acquittal]." (*Id.* at 3).

Given the unique circumstances involved, the Parties' Joint Motion (Doc. 84) is **GRANTED**. Accordingly, the Court will suspend the deadlines in and consideration of the pending Motion for Judgment of Acquittal pending appointment of new counsel. Defendant will have **twenty-one (21) days** after new counsel is appointed to file a reply or withdraw the Motion for Judgment of Acquittal.

**SO ORDERED**, this 18th day of July, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**